UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JOHN FREDERICK,

              Plaintiff,

v.

CITY OF NEW YORK; MICHAEL
BLOOMBERG, New York City Mayor;
NEW YORK CITY POLICE
DEPARTMENT; RAYMOND KELLY,
New York City Police Department
Commissioner; POLICE OFFICER
EDWIN SIMON; NEW YORK CITY
POLICE OFFICER #26883; SGT. WAYNE
MANGAN; WAYNE MURPHY, #29794;
DERRICK BOYD, #10014; DET.
NICHOLAS RIVERA; JOHN DOE,
from paragraph 11 to 18; JOHN & JANE
DOE; CHARLES HYNES, Kings County
District Attorney; DENNIS SHELTON,
Assistant District Attorney; JOAN ERASKIN;
SEAGATE ASSOCIATION; SEAGATE N.Y.
POLICE DEPARTMENT; ROBERT
ABRAHAM, Sea Gate Police Chief;
JEFFREY FORTUNATO; LT. MOYSE,
RICHARD KUHNAPFEL,

              Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
13-CV-897 (MKB)

MARGO K. BRODIE, United States District Judge.

On February 19, 2013, Plaintiff John Frederick filed the above captioned *pro se* action pursuant to 42 U.S.C. § 1983, alleging false arrest, false imprisonment and malicious prosecution and violations of his rights under the Fourteenth and First Amendments. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court denies Plaintiff's request for the appointment of counsel without prejudice. For the reasons stated

below, the Court finds that Plaintiff has failed to state a claim against the Mayor of New York City, Michael Bloomberg, the New York City Police Department (the "NYPD"), the Commissioner of the NYPD, Raymond Kelly, the Kings County District Attorney, Charles Hynes, and Assistant Kings County District Attorneys, Dennis Shelton and Joan Eraskin. The Complaint is dismissed as to these Defendants. The Court also finds that some of Plaintiff's false arrest, false imprisonment, and malicious prosecution claims are time barred. Plaintiff is directed to file an amended complaint, within 30 days from the date of this Memorandum and Order.

## I. Background

Plaintiff alleges that from 1983 until 1988 he was employed as an officer with Defendant Seagate Police Department ("Seagate PD"), until his employment with Seagate PD was terminated. (*See* Compl. ¶ 36.) Plaintiff initiated a lawsuit against Seagate PD and eventually entered into a stipulation of settlement. *See Frederick v. The Sea Gate Ass'n*, No. 23462/97, slip op. at 1–5 (Sup.Ct. Kings County Feb. 23, 2002) (annexed to the Complaint as an unmarked exhibit).

Plaintiff alleges that he was stopped by NYPD police officers on several occasions pursuant to the New York City's stop-and-frisk policy, in violation of his constitutional rights. (*See* Compl. ¶ 5.) On or about November 9, 2007, Plaintiff was arrested by NYPD police officers, while driving in his car. (Compl. ¶¶ 56–58.) Plaintiff alleges that during this arrest, a firearm was recovered from his vehicle. (*Id.*) Plaintiff alleges that he was again arrested on November 14, 2007. (*Id.* at ¶ 59.) During this second arrest, Plaintiff was in possession of a Seagate PD identification card. (*Id.*) On or about November 27, 2007, Plaintiff was charged with criminal possession of a forged instrument in the third degree, criminal impersonation in the second degree, and possession of a rifle or shotgun. (*See* Plaintiff's Affidavit

2

Transcripts/Affirmation ("Pl. Aff.")). Plaintiff states that his criminal possession of a forged instrument in the first degree, his criminal possession of a forged instrument in the second degree, and his criminal impersonation in the first degree charges were dismissed on or about July 28, 2008.[1] (*See* Compl. ¶ 86, *see also* Pl. Aff. Exs. B, E, F.) Plaintiff was tried for criminal possession of an instrument in the third degree, criminal impersonation in the second degree, and possession of a firearm. (*See* Compl. ¶ 86, *see also* Pl. Aff. Exs. B, E, F.) While not explicitly stated in the Complaint, it appears that Plaintiff was convicted on one or more of these charges. (*See* Compl. ¶ 16, 75; Pl. Aff. ¶ 1, Ex. G.)

Plaintiff alleges that two further incidents occurred. First, on September 5, 2009, Plaintiff was stopped by unidentified police officers and his car was searched. (*Id.* at ¶ 61.) It does not appear that Plaintiff was arrested. (*Id.*) Second, on May 6, 2010, Plaintiff was stopped by NYPD police officers. (*Id.* at ¶ 62.) During the May 6, 2010 incident, Plaintiff began to film the police officers with a video tape and was told to stop filming by the officers. (*Id.*) He was arrested, taken to jail and charged with disorderly conduct. (*Id.*)

For all incidents, Plaintiff alleges that the Police Officer Defendants from the NYPD and Seagate PD lied and manufactured evidence during his trials in order to secure a conviction and were aided by Assistant District Attorneys Shelton and Eraskin. (Compl. ¶¶ 70–76.) Plaintiff alleges that there were numerous other problems with the testimony given at his criminal trials, including that an officer gave testimony about Plaintiff's Seagate PD identification when "the officers [was] not qualifie[d] to give such opinion on ID cards [and] not certified as forensic document examiner [and was] unable to authenticate the ID card." (*Id.*) He further alleges that

---

[1] It is unclear from the Complaint on what date Plaintiff was charged with these additional charges. However, it appears from the documents submitted with the Complaint that that Plaintiff's two arrests were combined into one judicial proceeding. (*See* Pl. Aff. Exs. B, E, F.)

his counsel failed to "exercise . . . reasonable professional judgment[,] . . . to make a proper opening statement, . . . to adequately cross-examine prosecution witnesses, . . . to make proper objections and . . . to develop an adequate defense theory." (Compl. ¶ 81.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

4

### b. Section 1983 Claims

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42. U.S.C. § 1983. In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999); *Sethi v. Nassau County*, No. 11-CV-6380, 2013 WL 991660, at *2 (E.D.N.Y. Mar. 13, 2013).

#### i. Mayor Bloomberg, Commissioner Kelly, District Attorney Hynes

The Complaint fails to state any § 1983 claims against Mayor Bloomberg, Commissioner Kelly or District Attorney Hynes. It is well settled law in this Circuit that in a civil rights action for monetary damages, a plaintiff must demonstrate the defendants' direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Rickett v. Orsino*, No. 10-CV-5152, 2013 WL 1176059, at *7 (S.D.N.Y. Feb. 20, 2013), *report and recommendation adopted*, 10-CV-5152, 2013 WL 1155354

(S.D.N.Y. Mar. 21, 2013); *Johnson v. New York*, No. 11-CV-5186, 2012 WL 5424515, at *2 (E.D.N.Y. Nov. 6, 2012).

Liability under § 1983 cannot be generally imposed on a supervisor based solely on his position because there is no *respondeat superior* or vicarious liability under § 1983. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Warrender v. United States*, No. 09-CV-2697, 2011 WL 703927, at *5 (E.D.N.Y. Feb. 17, 2011) (noting that, in *Iqbal*, "the Supreme Court explicitly rejected the argument that 'a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution.'" (quoting *Iqbal*, 556 U.S. at 677)). Plaintiff fails to show that Mayor Bloomberg, Commissioner Kelly or District Attorney Hynes had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights to make them liable under § 1983. Therefore, Plaintiff's claims against Mayor Bloomberg, Commissioner Kelly or District Attorney Hynes are dismissed. 28 U.S.C. § 1915(e)(2)(B).

### ii. NYPD

To the extent that Plaintiff seeks to name the NYPD as a defendant, this claim also fails. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. This provision has been construed to mean that the NYPD, as an agency of the New York City, is not a suable entity. *See, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 (2d Cir. 2007) (The plaintiff "sued the City of New York and the NYPD separately. The district court correctly noted that the NYPD is a non-suable agency of the City."); *Thomas v.*

*N.Y.C. Police Dep't.*, No. 12-CV-6327, 2013 WL 431335, at *1 (E.D.N.Y. Feb. 4, 2013) ("The complaint cannot proceed against the NYPD or the [New York City Department of Correction ('DOC')]."); *Richardson v. N.Y.C. Police Dep't*, No. 12-CV-5753, 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and its divisions, including the Transit Police, may not be sued directly; instead, any suit against a City agency must be brought against the City of New York."); *Johnson v. N.Y.C. Police Dep't*, No. 12-CV-5423, 2012 WL 5607505, at *3 (E.D.N.Y. Nov. 15, 2012) ("New York City departments and agencies, as distinct from the City itself, lack the capacity to be sued. Therefore, any claims against the NYPD are dismissed." (citations omitted)). Accordingly, Plaintiff's claim against the NYPD is dismissed. 28 U.S.C. § 1915(e)(2)(B).

### iii. Assistant District Attorneys Shelton and Eraskin

Plaintiff's § 1983 claims against Assistant District Attorneys Shelton and Eraskin must be dismissed. As the Supreme Court and the Second Circuit have repeatedly recognized, prosecutors performing duties related to their prosecutorial function are protected by absolute immunity. *See, e.g., Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." (internal quotation marks and citations omitted)); *Warney v. Monroe County*, 587 F.3d 113, 120–21 (2d Cir. 2009); *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983"); *see also Santulli v. Russello*, No. 12-CV-1790, 2013 WL 1092582, at *4 (2d Cir. Mar. 18, 2013) (summary order) ("It is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process.").

Plaintiff's § 1983 claims are predicated on Assistant District Attorneys Shelton's and Eraskin's actions during the judicial phase of Plaintiff's criminal prosecutions and, thus, were taken within the scope of their official prosecutorial duties when presenting the state's case. (*See, e.g.*, Compl. ¶¶ 70–75, 83.) Because the activities that Plaintiff complains of are "intimately associated with the judicial phase of the criminal process," they are afforded absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Accordingly, Plaintiff's claims against Assistant District Attorneys Shelton and Eraskin are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### iv. False Arrest and False Imprisonment

Plaintiff's claims for false arrest and false imprisonment[2] related to his two 2007 arrests appear to be time-barred. Plaintiff's 2009 claim may also be time barred. To state a claim for false arrest or false imprisonment "a plaintiff must show that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (citations omitted). The existence of probable cause is a complete defense to a § 1983 claim for false arrest. *See Paulin v. Figlia*, No. 11-CV-9634, 2013 WL 120167, at *3 (S.D.N.Y. Jan. 10, 2013) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)); *Alexiadis v. N.Y. Coll. of Health Professions*, 891 F. Supp. 2d 418, 434 (E.D.N.Y. 2012) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

---

[2] False arrest and false imprisonment are considered one tort. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."); *Hickey v. City of New York*, No. 01-CV-6506, 2004 WL 2724079, at *6 (S.D.N.Y. Nov. 29, 2004), *aff'd*, 173 F. App'x 893 (2d Cir. 2006) ("[T]he claims of false arrest and false imprisonment are 'synonymous[.]'").

8

The statute of limitations for a § 1983 action arising in New York is three years. *Melendez v. Greiner*, 477 F. App'x 801, 803 (2d Cir. 2012) (summary order), *cert. denied*, 133 S. Ct. 1266 (2013); *Harrison v. Lutheran Med. Ctr.*, 468 F. App'x 33, 36 (2d Cir. 2012) (summary order); *Lawson v. Rochester City Sch. Dist.*, 446 F. App'x 327, 328 (2d Cir. 2011) (summary order). While state law supplies the statute of limitations, federal law determines when the § 1983 claim has accrued. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). For claims of false arrest and false imprisonment the statute of limitations begins to run "when the alleged false imprisonment ends." *Wallace*, 549 U.S. at 389. An alleged false imprisonment "ends once the victim becomes held *pursuant to such process* — when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389 (emphasis in original); *accord Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) (summary order).

Plaintiff was arrested on November 9, 2007, and arraigned on November 10, 2007. (*See* Aff. Ex. A.) Plaintiff alleges he was later arrested on November 14, 2007 but does not provide a date for his second arraignment. (*See* Compl. ¶ 59.) On September 5, 2009, Plaintiff was held by police officers and released the same day. Plaintiff did not file the Complaint until February 19, 2013, which is over five years past the three year limitations period for the November 9, 2007 arrest and over two years past the limitations period for the September 5, 2009 detainment and likely past the three year statute of limitations for his November 14, 2009 arrest. *Wallace*, 549 U.S. at 389 (noting that false arrest accrues when "the alleged false imprisonment ends"); *see also Lynch*, 348 F. App'x at 675 (holding that the three-year statute of limitations for § 1983 claims for false arrest and imprisonment began to run at arraignment); *Berry v. Village of Millbrook*, No. 09-CV-4234, 2010 WL 3932289, at *3 (S.D.N.Y. Sept. 29, 2010) (same). Because the Complaint does not suggest a basis for equitable tolling, his claims relating to the

2007 and 2009 arrests are time barred and dismissed with leave to file an amended complaint to include allegations that would justify equitable tolling of the statute of limitations.

### v. Malicious Prosecution

The elements of a Section 1983 malicious prosecution claim require that the plaintiff show that (1) the defendant initiated a prosecution against the plaintiff, (2) the defendant lacked probable cause to believe the proceeding could succeed, (3) the defendant acted with malice, (4) the prosecution was terminated in the plaintiff's favor, and (5) there was sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights. *Swartz v. Insogna*, 704 F.3d 105, 112 (2d Cir. 2013); *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). The existence of probable cause is a complete defense. *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010). A grand jury indictment creates a presumption of probable cause. *Manganiello v. City of New York*, 612 F.3d 149, 162 (2d Cir. 2010). The presumption may be rebutted "by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Id.* (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)).

A malicious prosecution claim accrues when the criminal proceedings are terminated in a plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor."); *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995) ("It is clear from our precedents that the applicable statute of limitations for § 1983 actions in New York is three years, and that, for claims based in malicious prosecution, this period starts to run only when the underlying criminal action is conclusively terminated."); *Mione v. McGrath*, 435 F. Supp. 2d 266, 269 (S.D.N.Y. 2006) (A "claim for malicious prosecution accrued on the date of dismissal" of the charges). Here, three of Plaintiff's 2007 charges were dismissed on July 28, 2008,

following a trial on the three charges. (*See* Compl. ¶ 86.) Because the Complaint does not suggest a basis for equitable tolling, his malicious prosecution claims relating to the 2007 arrests are time barred. These claims are dismissed with leave to file an amended complaint to include allegations that would justify equitable tolling of the statute of limitations.

### vi. Leave to Amend

In light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is given 30 days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The Court directs Plaintiff to file an amended complaint, which must include facts that may be able to support a basis to equitably toll the statute of limitations. Otherwise, Plaintiff's false arrest and malicious prosecution claims will be dismissed as time barred. Moreover, Plaintiff must clearly and concisely state the dates of his arrests, the charge for all of his arrests, the outcome of his trials, including whether he was convicted on any charges and if so which charges. Plaintiff must name as proper defendants those individuals who had personal involvement in the events that he alleges. If Plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, identify their place of employment, and to the best of his ability, describe each individual and the role he or she played in the alleged deprivation of Plaintiff's rights. Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. In general, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678. A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted).

## III. Conclusion

Plaintiff has failed to state a claim and therefore the Complaint is dismissed against Defendants Mayor of New York City, Michael Bloomberg, the NYPD, the Commissioner of the NYPD, Raymond Kelly, the Kings County District Attorney, Charles Hynes, and Assistant Kings County District Attorneys Dennis Shelton and Joan Eraskin.

Plaintiff is granted leave to amend the Complaint. The amended complaint must be filed within 30 days of the date of this Memorandum and Order. Plaintiff is advised that any amended complaint he files will completely replace the original complaint. Plaintiff's amended complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order. If plaintiff fails to file an amended complaint, a judgment dismissing the Complaint shall be entered. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

/S/ Judge Margo K. Brodie
MARGO K. BRODIE
United States District Judge

Dated: April 22, 2013
Brooklyn, New York