1st Revised as of June 24, 2013
2nd Revised as of July 29, 2013
3rd Revised as of February 24, 2014
4th Revised as of March 18, 1014
5th Revised as of July 31, 2015

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

File # 13 CV 897 MLO

────────────────────────────────────X

File Date: February 19, 2013

**JOHN FREDERICK, Pro-Se**

Plaintiff,

-Against-

**\*SUMMONS AND COMPLAINT\***
**\*DEMAND FOR JURY TRIAL\***
\*10 Days after Services of Answer\*

**THE CITY OF NEW YORK, (NYC);**
**NEW YORK CITY POLICE OFFICER, EDWIN SIMON # 937543,**
**NEW YORK CITY POLICE SERGEANT, WAYNE MANGAN, # 899520**
**NEW YORK CITY POLICE OFFICER, ARNOLD MURPHY # 29794,**
**NEW YORK CITY POLICE OFFICER, DERRICK BOYD # 10014,**
**NEW YORK CITY POLICE DETECTIVE, LAHMAR SANDERS # 2884,**
**NEW YORK CITY POLICE LIEUTENANT, ERIC CAMPBELL # 918740,**
**NEW YORK CITY & NYCPD POLICE OFFICER, JOHN & JANE DOE,**
**SEA GATE ASSOCIATION, SEA GATE N.Y. POLICE DEPARTMENT,**
**SEA GATE POLICE CHIEF, ROBERT ABRAHAM,**
**SEA GATE POLICE CHIEF, JEFFREY FORTUNATO**
**SEA GATE POLICE LIEUTENANT, YEUGENY GENE MOYSE**
**SEA GATE ASSOCIATION, SEA GATE N.Y. POLICE DEPARTMENT,**
**Or JOHN & JANE DOE;**

Defendant(s),

────────────────────────────────────X

2015 SEP 16  AM11:58  FILED CLERK

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK**
**225 Cadman Plazas East Brooklyn, New York 11201**

## PARTIES

1) The Plaintiff, **John Frederick**, Pro-Se
   **\*P.O. Box 471774 Brooklyn, NY 11247\***

2) The Defendant(s) The City of New York municipality hereafter (NYC), through the New York City Police Department, hereafter (NYCPD) Agents, representative's servants and / or employees or John & Jane Doe

3) The Defendant, New York City Police Officer <u>Edwin Simons Tax # 937543,</u>

4) The Defendant, New York City Police Officer Sergeant, <u>Wayne Mangan,</u>

5) The Defendant, New York City Police Officer <u>Arnold Murphy # 29794,</u>

6) The Defendant, New York City Police Officer <u>Derrick Boyd # 10014,</u>

7) The Defendant, New York City Police Detective, <u>Lahmar Sanders</u> # 2884,

8) The Defendant, New York City Police Lieutenant, <u>Eric Campbell</u> # 918740,

9) And <u>John & Jane Doe</u> Agents representatives servants and / or Employees for the City of New York New York City Police Department

<u>All the above *Defendant*(s) may be serve upon;</u>
New York City Corporation Counsel
<u>\*100 Church Street New York NY 10001\*</u>

10) The Defendant, Sea Gate Association, hereafter (SGA),

<u>The above Defendant may be serve upon;</u>
<u>Molod Spitz & Desantis, PC. Attorney at Law</u>
<u>\*1430 Broadway, 21st Floor  New York, NY 10018\*</u>

11) The Defendant(s) The Sea Gate Association, hereafter (SGA), through the Sea Gate New York Police Department, hereafter (SGPD) Agents, representative's servants and / or employees or John & Jane Doe;

12) The Defendant, Sea Gate New York Police <u>Chief Robert Abraham,</u>

13) The Defendant, Sea Gate New York Police <u>Chief Jeffrey Fortunato,</u>

14) The Defendant, Sea Gate New York Police Lieutenant, <u>Yengeny Gene Moyse,</u>

15) The Defendants <u>agents, representatives servants and / or employees</u>
<u>or John & Jane Doe for the Sea Gate Association and Police Department</u>
<u>\*3700 Surf Ave Brooklyn, New York 11226</u>

<u>All the above Defendant(s) may be serve upon;</u>
<u>Miranda Sambursky Slone Sklarin Vervenitis LLP Attorney(s) at Law</u>
<u>\*The Esposito Building - 240 Mineola Blvd Mineola New York, NY 11501</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————x

**File # 13 CV 897**

**File Date; February 19, 2013**

JOHN FREDERICK, Pro-Se

Plaintiff,

-Against-

***Summons***

THE CITY OF NEW YORK, (NYC);
NEW YORK CITY POLICE OFFICER, <u>EDWIN SIMON</u> Tax # 937543,
NEW YORK CITY POLICE SERGEANT, <u>WAYNE MANGAN TAX # 899520</u>,
NEW YORK CITY POLICE OFFICER, <u>ARNOLD MURPHY</u> # 29794,
NEW YORK CITY POLICE OFFICER, <u>DERRICK BOYD</u> # 10014,
NEW YORK CITY POLICE DETECTIVE, <u>LAHMAR SANDERS</u> # 2884,
NEW YORK CITY POLICE LIEUTENANT, <u>ERIC CAMPBELL</u> # 918740,
NEW YORK CITY & NYCPD POLICE OFFICER, <u>JOHN & JANE DOE</u>,
<u>SEA GATE ASSOCIATION, SEA GATE N.Y. POLICE DEPARTMENT</u>,
SEA GATE POLICE CHIEF, <u>ROBERT ABRAHAM</u>,
SEA GATE POLICE CHIEF, <u>JEFFREY FORTUNATO</u>,
SEA GATE POLICE LIEUTENANT, <u>YEUGENY GENE MOYSE</u>
SEA GATE ASSOCIATION, SEA GATE N.Y. POLICE DEPARTMENT,
Or <u>JOHN & JANE DOE</u>;

Defendant(s)

———————————————————————————x

## TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer in this action and serve a copy of your answer, or if the Complaint is not served with the Summons to serve a notice of appearance, on the Plaintiff by mailing such answer to the plaintiff at the Post Office Box indicated below within <u>thirty (30) days</u> after the service of this summons, exclusive of the day of service. (No electronic transmission) If this summons is not personally served upon you, or if this summons is served upon you outside of the State of New York, then your answer or notice of appearance must be served within <u>forty (40) days</u>. In case of your failure to appear or answer this *Summons and Complaint,* judgment will be taken against you by default, for the relief demanded in the complaint. **The Plaintiff designates Kings County as the place of trial 10 Days after services the basis of venue is that the action of the Defendant(s) took place within the County of Kings.**

DATE: July 31, 2015; County of Kings;

Plaintiff; *John Frederick*

John Frederick, Pro-se
P.O. Box 471774
Brooklyn, N.Y. 11247

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X          **File # 13 CV 897**

**JOHN FREDERICK, Pro-Se**
                            Plaintiff,

        -Against-                              **\*Complaint\***

THE CITY OF NEW YORK, (NYC);
NEW YORK CITY POLICE OFFICER, <u>EDWIN SIMON</u> Tax # 937543,
NEW YORK CITY POLICE SERGEANT, <u>WAYNE MANGAN TAX # 899520,</u>
NEW YORK CITY POLICE OFFICER, <u>ARNOLD MURPHY</u> # 29794,
NEW YORK CITY POLICE OFFICER, <u>DERRICK BOYD</u> # 10014,
NEW YORK CITY POLICE DETECTIVE, <u>LAHMAR SANDERS</u> # 2884,
NEW YORK CITY POLICE LIEUTENANT, <u>ERIC CAMPBELL</u> # 918740,
NEW YORK CITY & NYCPD POLICE OFFICER, <u>JOHN & JANE DOE,</u>
<u>SEA GATE ASSOCIATION, SEA GATE N.Y. POLICE DEPARTMENT,</u>
SEA GATE POLICE CHIEF, <u>ROBERT ABRAHAM,</u>
SEA GATE POLICE CHIEF, <u>JEFFREY FORTUNATO</u>
SEA GATE POLICE LIEUTENANT, <u>YEUGENY GENE MOYSE</u>
SEA GATE ASSOCIATION, SEA GATE N.Y. POLICE DEPARTMENT,
Or <u>JOHN & JANE DOE;</u>
                            Defendant(s)
------------------------------------------------------------X

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK
## 225 Cadman Plaza East Brooklyn, New York 11201

      PLEASE TAKE NOTICE: the plaintiff, John Frederick, respectfully request to precede Pro-Se with the option for further litigation that legal counsel may be retained or appointed to assist this plaintiff in prosecuting this matter. The plaintiff is duty sworn on this *31ˢᵗ Day of July 2015* and the exhibits attached thereto, and upon all prior proceeding in the case to date the Plaintiff's Summons and Complaint will move this <u>United State District Court of the Eastern District at 225 Cadman Plaza East, Brooklyn New York 11201</u> to the assign part affirms the following under penalty of perjury and the *Demand of a Jury Trial 10 days after Services of Answers;*

                                Plaintiff; *John Frederick*
                                  **John Frederick, Pro-se**

## JURISDICTION

This action is authorized by violations of 42 U.S.C. civil rights would be pursuant to 42 U.S.C. § 1983 and the pursuant of U.S. 2nd Amendment. Subject matter jurisdiction for these federal claims rests upon;

Discrimination Complaint 28 U.S.C. §§ 1331 and 1343(a)(4).

Whistle Blowing Retaliation Complaint under Federal and State Law.

Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper.

Rule 65 of the Federal Rules of Civil Procedure authorizes injunctive relief. The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988 and other money damage that the court may deem proper pursuant to Federal Tort Claim Act (28 U.S.C. §§2671-80) 28 U.S.C. § 1346(B) and 28 U.S.C§ 1402 (B) provides that such an action may be brought only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

This Summons and Complaint *asserts the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.,*

## VENUE

Venue is proper in this judicial district pursuant to 28 U. S.C. § 1391(b), as this is a district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims arose in this district due to Governments, the City of New York.

**CAUSE OF ACTION**

**1)**   The Plaintiff, **John Frederick, Pro-Se;** is a tax payer, United States Citizen, recently served Jury Duty, register Voter, **licenses by New York State Department of State as Private Investigator, Bonded Courier,** Security Expert & Law Enforcement Instructor, licenses **by NYC Dept. of Consumer Affairs as Process Server and served as a former law enforcement official (Police Officer pursuant to 1.20 and Peace Officer pursuant to 2.10 of the Criminal Procedure Law) retired as Detective Sergeant, Executive Commanding Officer, Union Delegate** and first Responder **with more than thirty years experience.**

**2)**   **The Defendant, the City of New York ("NYC");** in their official capacity;
Is and was, at all time relevant herein, is a Municipal entity created and authorized under the laws of the State of New York. The City of New York is authorized under laws of the State of New York to maintain a police Department, the New York City Police Department (NYCPD), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The "NYC" assumes the risks incidental to the maintenance of its police officers, agents, representatives, servants and / or employees and other "NYC" agencies. The Operation of this agency, NYCPD law enforcement activities is funded in part by the Federal, State and City Government and the "City" herein is sued, Incidents 1, 2, 3 & 4 indicated in this Summons and Complaint claims; (Monell). Unlawful arrest, the defendant involved nexus for claims; in violation of plaintiff's 1983 civil rights acts, the 4th amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th Amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, conspiracy, defamation and intentional infliction of emotional distress on all defendant.

**3)**   The Defendant, New York City Police Officer **Edwin Simons Tax # 937543,**
In his individual and official capacity; liable for the plaintiff's November 9, 2007, incident # 1 and November 14, 2007, incident # 2 without legal justification that lacks mere suspicion of any criminality did conducted unconstitutional car stop and search the plaintiff's person and his vehicle the defendant did placed his hands inside of the plaintiff's pocket with physical force removed his wallet and search therein, search his vehicle(s) pulling out the back seat and trunk lining panel not to safe guard the plaintiff's property but to search therein, inside closed brief case that resulted unlawful arrest and unconstitutional conviction. Due to the defendant(s) policy and unlawful practices that resulted in the plaintiff's false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, wrongfully incarcerated, maliciously prosecution and the wrongful conviction due to the misrepresented the facts of the arrest allegation, perjured court testimony and conflicted police reports to justified unlawful police intrusion acts by individually and together and / or in concert.

Conspirer under the color of law share false information about the plaintiff among NYCPD & SGPD the defendant(s) from paragraph # 2 to Paragraph # 15 instigate pile on harassment underhanded tactics to justify unlawful policy and practices. The plaintiff was incarcerated for more than 72 hours unable to use the bathroom only allow using a cup for relief and criminally charged for a license firearm unable to notify any representative. The Weapon was legally license by the City of New York Police Department the defendant didn't know what a firearm permit looks like. The defendant tries to conceal / omit the existence of the permit. The defendant involved nexus for claims; in violation of the plaintiff's 1983 civil rights acts, 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claims find its roots in the 6th Amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s). According to the Supreme Court Appellate Term Division the October 29, 2014 the Court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

4)      The Defendant, New York City Police **Sergeant Wayne Mangan Tax # 899520,** (Supervisor) In his individual and official capacity; failure to display integrity and lack credibility knowing distorted the facts is liable for the plaintiff's November 9, 2007, incident # 1 unlawful arrest without legal justification that lacks mere suspicion or of any criminality did conducted unconstitutional car stop and search the plaintiff's person and his vehicle the defendant did placed his hands inside of the plaintiff's pocket with physical force removed his wallet and search therein, search his vehicle(s) pulling out the back seat and trunk lining panel not to safe guard the plaintiff's property but to search therein, inside closed brief case that resulted unlawful arrest and unconstitutional conviction. Due to the defendant(s) policy and unlawful practices that resulted in the plaintiff's false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, wrongfully incarcerated, maliciously prosecution and the wrongful conviction due to the misrepresented the facts of the arrest allegation and conflicted police reports to justified unlawful police intrusion acts by individually and together and / or in concert conspirer under the color of law share false information about the plaintiff among NYCPD, SGPD the defendant(s) from paragraph # 2 to Paragraph # 15 instigate pile on harassment underhanded tactics to justify unlawful policy and practices. The plaintiff was incarcerated for more than 72 hours unable to use the bathroom only allow using a cup for relief and criminally charged for a license firearm unable to notify any representative. The Weapon was legally license by the City of New York Police Department the defendant didn't know what a firearm permit looks like.

The defendant tries to conceal / omit the existence of the permit. The defendant involved nexus for claims; in violation of the plaintiff's 1983 civil rights acts, 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th Amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s). According to the Supreme Court Appellate Term Division the October 29, 2014 the Court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

**5)**   The Defendant, New York City Police Officer, **Arnold Murphy # 29794,**

In his individual and official capacity; failure to display integrity and lack credibility knowing distorted and misrepresented the facts is liable for the plaintiff's November 14, 2007, incident # 2 unlawful arrest. The Defendant without legal justification that lacks mere suspicion or of any criminality did conducted unconstitutional car stop and search the plaintiff's person and his vehicle the defendant did placed his hands inside of the plaintiff's pocket with physical force removed his wallet and search therein, search his vehicle(s) pulling out the back seat and trunk lining panel not to safe guard the plaintiff's property but to search therein, that resulted unlawful arrest and unconstitutional conviction. Due to the defendant(s) policy and unlawful practices that resulted in the plaintiff's false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, wrongfully incarcerated, maliciously prosecution and the wrongful conviction due to the misrepresented the facts of the arrest allegation and conflicted police reports to justified unlawful police intrusion acts by individually and together and / or in concert conspirer under the color of law share false information about the plaintiff among NYCPD, SGPD the defendant(s) from paragraph # 2 to Paragraph # 15 instigate pile on harassment underhanded tactics to justify unlawful policy and practices. The plaintiff was incarcerated for more than 72 hours. The defendant involved nexus for claims; in violation of the plaintiff's 1983 civil rights acts, 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th Amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s). According to the Supreme Court Appellate Term Division the October 29, 2014 the Court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

**6)**    The Defendant, New York City Police Officer, **Derrick Boyd # 10014,**
In his individual and official capacity; failure to display integrity and lack credibility knowing distorted the facts is liable for the plaintiff's November 9, 2007, incident # 1, November 14, 2007, incident # 2, and May 6, 2010, incident # 4 without legal justification that lacks mere suspicion or of any criminality did conducted unconstitutional car stop and search the plaintiff's person and his vehicle the defendant did placed his hands inside of the plaintiff's pocket with physical force removed his wallet and search therein, search his vehicle(s) pulling out the back seat and trunk lining panel not to safe guard the plaintiff's property but to search therein, that resulted unlawful arrest and unconstitutional conviction. Due to the defendant(s) policy and unlawful practices that resulted in the plaintiff's false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, wrongfully incarcerated, maliciously prosecution and the wrongful conviction due to the misrepresented the facts of the arrest allegation and conflicted police reports to justified unlawful police intrusion acts by individually and together and / or in concert conspirer under the color of law share false information about the plaintiff among NYCPD, SGPD the defendant(s) from paragraph # 2  to Paragraph # 15 instigate pile on harassment underhanded tactics to justify unlawful policy and practices. The plaintiff was <u>incarcerated for more than 72 hours unable to</u> The defendant involved nexus for claims; in violation of the plaintiff's 1983 civil rights acts, 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th Amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s).According to the Supreme Court Appellate Term Division the October 29, 2014 the Court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

**7)**    The Defendant, New York City Police Detective, **Lahmar Sanders # 2884,**
In his individual and official capacity; is liable for the plaintiff's November 14, 2007, incident # 2, September 5, 2009 incident # 3 and May 6, 2010 incident # 4 without legal justification that lacks mere suspicion or of any criminality did conducted unconstitutional car stop and search the plaintiff's person and his vehicle the defendant did placed his hands inside of the plaintiff's pocket with physical force removed his wallet and search therein, search his Vehicle pulling out the back seat and trunk lining panel not to safe guard the plaintiff's property but to search therein, that resulted no summons or arrest.

Due to the defendant(s) policy and unlawful practices that resulted in the plaintiff's unconstitutional car stop and search the plaintiff's person unlawful police intrusion acts by individually and together and / or in concert conspirer under the color of law share false information about the plaintiff among NYCPD, SGPD the defendant(s) from paragraph # 2 to Paragraph # 15 instigate pile on harassment underhanded tactics to justify unlawful policy and practices. The defendant involved nexus for claims; in violation of the plaintiff's 1983 civil rights acts, 4th Amendments violation, title 42 of the USCS, unconstitutional car stop and search the plaintiff's person false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s).

**8)** The Defendant, New York City Police Lieutenant, **Eric Campbell # 918740,**
In his individual and official capacity; failure to display integrity and lack credibility knowing distorted the facts is liable for the plaintiff's May 6, 2010, incident # 4 without legal justification that lacks mere suspicion or of any criminality did conducted unconstitutional car stop and search the plaintiff's person and his vehicle the defendant did placed his hands inside of the plaintiff's pocket with physical force removed his wallet and search therein, search his vehicle(s) pulling out the back seat and trunk lining panel not to safe guard the plaintiff's property but to search therein, that resulted unlawful arrest and unconstitutional conviction. Due to the defendant(s) policy and unlawful practices that resulted in the plaintiff's false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, wrongfully incarcerated, maliciously prosecution and the wrongful conviction due to the misrepresented the facts of the arrest allegation and conflicted police reports to justified unlawful police intrusion acts by individually and together and / or in concert conspirer under the color of law share false information about the plaintiff among NYCPD, SGPD the defendant(s) from paragraph # 2 to Paragraph # 15 instigate pile on harassment underhanded tactics to justify unlawful policy and practices. The defendant involved nexus for claims; in violation of the plaintiff's 1983 civil rights acts, 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, unconstitutional conviction that the claim find its roots in the 6th Amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s).

**9)    The Defendant(s), <u>New York City Police Officers,</u>**

Agents, representatives, servants and / or employees or John & Jane Doe Incident # 1, Incident # 2, Incident # 3 & Incident # 4 in there, his and her individual and official capacity; is and was, at all time relevant herein is sued. for the violation of the plaintiff's 1983 civil rights, the 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, assault, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s). According to the Supreme Court Appellate Term Division the October 29, 2014 court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

**10)    <u>The Defendant, Sea Gate Association, (SGA),</u>**

The Sea Gate Association is entity created and authorized under laws of the State of New York to maintain a Police Department, the Sea Gate New York Police Department (SGPD), which acts as its agent in the area of law enforcement and for which it is ultimately responsible and <u>the chief architect of the policies and practices of the (SGPD)</u>, a private Community agency for Sea Gate Community in the City of New York. They are also responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of their police officers. The "SGA" assumes the risks incidental to the maintenance of its police officers, agents, representatives, servants and / or employees or John & Jane Doe also maintain employer / employee employment privacy act in their official capacity; is and was; at all time relevant herein is sued, for the violation of the plaintiff's 1983 civil rights, the 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, assault, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s). According to the Supreme Court Appellate Term Division the October 29, 2014 court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

**11)     The Defendant(s) The Sea Gate New York Police Department, (SGPD),**
**The plaintiff was formerly employed by the defendant for 17 years.** The defendant(s) is authorized under laws of the State of New York Law Enforcement agency entity, agent, representatives, servants and / or employees or John & Jane Doe in their official capacity; is and was at all time relevant herein is sued; involved nexus for claims; violated of plaintiff's 1983 civil rights, the 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, assault, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s). According to the Supreme Court Appellate Term Division the October 29, 2014 court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.


**12)     The Defendant, Sea Gate New York Police, (SGPD), Chief Robert Abraham,**
In his individual and official capacity; is the chief architect of the policies and practices of the (SGPD) agent, representatives, servants and / or employees is and was, at all time relevant herein is sued. November 9, 2007 incident # 1, nexus and liable for incidents # 2, 3 and 4 unlawful arrest, disseminations is in violated of privacy laws derogatory comments and documents to plaintiff's potential employer and NYCPD. The defendant involved nexus for claims; in the violation of plaintiff's 1983 civil rights acts, the 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, assault, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s). According to the Supreme Court Appellate Term Division the October 29, 2014 court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

13)    The Defendant, Sea Gate New York Police, (SGPD), **Chief Jeffrey Fortunato,**
In his individual and official capacity; is the chief architect of the policies and practices of the
(SGPD) agent, representatives, servants and / or employees is and was, at all time relevant
herein is sued. November 9, 2007 incident # 1, nexus and liable to incident # 2, 3 and 4
unlawful arrest, submitted derogatory comments and documents to prosecutor's office
plaintiff's potential employer and NYCPD such disseminations is in violated of privacy laws.
The plaintiff was formally employed with the SGPD / SGA The defendant involved nexus for
claims; in the violation of plaintiff's 1983 civil rights acts, the 4th Amendments violation, title
42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the
outset is illegal, malicious prosecution, ineffective assistance of defense counsel,
unconstitutional conviction that the claim find its roots in the 6th amendments as well as the
due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution
the right to a fair trial, assault, conspiracy, defamation and intentional infliction of emotional
distress on all defendant(s). According to the Supreme Court Appellate Term Division the
October 29, 2014 court ruling disclosed that the plaintiff never received a fair trial and
dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District
Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

14)    The Defendant, Sea Gate New York Police, (SGPD), **Lt. Yengeny Gene Moyse**
In his individual and official capacity; John or Jane Doe, agent, representatives, servants and /
or employees is and was, at all time relevant herein is sued. November 14, 2007 incident # 2,
nexus and liable to incident # 3 and 4 unlawful arrest, submitted derogatory comments and
documents to plaintiff's potential employer and NYCPD such disseminations is in violated of
privacy laws. The plaintiff was formally employed with the SGPD / SGA The defendant
involved nexus for claims; in the violation of plaintiff's 1983 civil rights acts, the 4th
Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of
the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense
counsel, unconstitutional conviction that the claim find its roots in the 6th amendments as well
as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the
Constitution the right to a fair trial, assault, conspiracy, defamation and intentional infliction of
emotional distress on all defendant(s). According to the Supreme Court Appellate Term
Division the October 29, 2014 court ruling disclosed that the plaintiff never received a fair trial
and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District
Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

**15)**    The Defendant(s) **SGA / SGPD**, It is authorized under laws of the State of   New York entity, in their individual and official capacity; **John & Jane Doe, agent,** representatives, servants and / or employees is and was, at all time relevant herein is sued. nexus and liable to incident # 1, 2, 3 and 4 unlawful arrest, claims; violated plaintiff's 1983 civil rights, the 4th Amendments violation, title 42 of the USCS, false arrest base on an erroneous interpretation of the law, the stop at the outset is illegal, malicious prosecution, ineffective assistance of defense counsel, unconstitutional conviction that the claim find its roots in the 6th amendments as well as the due process clause of the plaintiff's 5th and the 14th Amendments secure under the Constitution the right to a fair trial, assault, conspiracy, defamation and intentional infliction of emotional distress on all defendant(s). According to the Supreme Court Appellate Term Division the October 29, 2014 court ruling disclosed that the plaintiff never received a fair trial and dismisses the charges on the law the plaintiff's arrest is unlawful the newly elected District Attorney Representative conceded that the plaintiff's 4th Amendment rights were violated.

## PRELIMNARY STATEMENT

**16)**    ***The Plaintiffs, John Frederick*** is a African American, and clad (hair) in dread locks, at the time of the incidents resides in Crown Height / Bedford Stuyvesant area in Brooklyn, NY, in the Confine of the 77 Pct. was unlawfully / unconstitutional stopped and search without legal justification on four (4) separate occasions without probable cause or criminality afoot seek this lawsuit against the City of New York, (NYC) and the Defendant(s) named herein.

**17)**    This is civil rights action and intentional tort in which named *Plaintiff, John Frederick* individual, seek relief or redress for Defendant(s) actions; violation of the rights, privileges, and immunities secured by the *Civil Rights Act of 1871, 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000(d) et seq Title VI and the Constitution and the laws of the State of New York, and the violation of (2) Court Settlement agreements,* these acts are within the statute of limitation due to the continuing litigations of the plaintiff's Appellant Appeal mention herein.

**18)**    Pursuant to 42 U.S.C. § 1983 the tolling accrued statute of the continuation nexus to the conspiracy of defendant(s) hostile, abusive encounters, coercive or oppressive illegal conduct; the plaintiff's September 5, 2009 incident # 3 with NYCPD Det. **Lahmar Sanders** and 3 other unidentified plainclothes police officers 1 who is a male Sergeant, supervisor  without legal justification conducted unconstitutional car stop and search of the plaintiff's person and his vehicle resulted in no summons or arrest. **Det. Lahmar Sanders were partner with P.O. Derrick Boyd on May 6, 2010 arrest Incident # 4, paragraph # 90. P.O. Derrick Boyd and P.O. P.O. Edwin Simon, Tax # 937543 was also involved in November 14, 2007 arrest Incident # 2, paragraph # 77 and with his partner P.O. Arnold Murphy all worked out of the same Brooklyn police precinct 77th, same tour** and all the mention defendants of the NYCPD were radio car partners at one time or another, shared the plaintiff's picture & pedigree among each others.

**19)**    Police officers are permitted to briefly stop any individual, but only upon reasonable suspicion that he or she is committing or about to commit a crime. The source of that limitation is the Fourth Amendment to the United States Constitution, which guarantees that "the right of the people to be secure in their persons, houses, papers, vehicle and effects, against unreasonable searches and seizures, shall not be violated." The Supreme Court has explained that this "inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted, vehicles in his study to dispose of his secret affairs. _See Terry v. Ohio, 392 U.S. 1, 30 (1968)._

**20)**    This case stem from (4) inexperience NYCPD officers lack of training, integrity, creditability less than (2) years of services with the NYCPD. As such NYCPD officers did misuse and abuse a tactic called **_Stop Question & Frisk_** for the purpose of bounty; NYCPD productivity, employment retention, government funding and others.

 A)    _Stop_; person(s) when reasonable suspicion exist that such person(s) did commit or about to commit a crime,

B)    _Question;_ person(s) to raise level of suspicion to ascertain the conduct of such person(s) for reason(s) of the Stop,

C)    _Frisk;_ person(s) during such questioning or observation only when reasonable suspicion exist that such person(s) stopped have a unusable appearance of bulge on specific area on of person(s).

**21)** The defendant(s) from paragraph # 2 to paragraph # 15 did engage in unlawful policy and practices of stop and frisk / search the plaintiff with no criminality exits results the source of that limitation is the Fourth Amendment to the United States Constitution, which guarantees that "the right of the people to be secure in their persons, houses, papers, vehicle and effects, against unreasonable searches and seizures, shall not be violated. The defendant(s) from paragraph # 2 to paragraph # 15 did engage in the misuse and abuse did stopped the plaintiff a many NYC residents Blacks, Latinos and in certain communities without cause. For example; NYCPD will stop (20) persons, (1) may be "dirty" theory deem unconstitutional, no NYCPD UF250 (Stop Question and Frisk) reports prepared as required for enforcement of its NYC citizens including the plaintiff.

**22)** The defendant(s) Simon, Mangan, Murphy, Boyd, Sanders and others NYCPD officers did stop the plaintiff on several occasion for erroneous interpretation error in law manufacture criminal, traffic and parking infraction mislead that misrepresented the fact to the court to allege to be trained as Forensic Document Examiner to instigate unlawful search and seizure and to cause a domino effect instigate by the defendant(s) from paragraph # 2 to Paragraph # 15 to violated the plaintiff's constitutional and civil rights, cause intentional tort, emotional distress that resulted in punitive damages as indicated herein.

**23)** Due to the Defendant(s) actions the domino effect and the error of the law the NYCPD pistol license section denied the plaintiff due process revoke his firearm permits and the suspension or revocation of other professional license. The plaintiff seeks to nullify the determination made by the former NYC Police Commissioner; Kelly representatives, servants and / or employees denied the plaintiff's licenses to continue to possess pistol / rifle or shotgun. The plaintiff wishes to challenges the determination on the ground that it was arbitrary and capricious and denied the requests for adjournment due lack of legal representation and the pending litigation. The plaintiff was denied due process that is provided under the *United States Constitution 5th , 2nd Amendment clause and section 400 of the NYS penal law.*

**24)** The plaintiff's claim is whether a determination from the defendant(s) NYCPD pistol license section was made in violation of lawful procedure, was affected by an erroneous interpretation error of law was arbitrary and capricious or an abuse of discretionary decision such is not absolute. The discriminatory practices deem unconstitutional due to seal or expunge arrest allegation or any arrest that did not rise to a Felony conviction didn't give cause to deny plaintiff's applicants pistol license or any license or permits as per section 400.00 NYS Penal Law. "*CPLR 7803 [3]; Mutter of Pell v. Board of Education, 34 NY 2d 222.*

**25)**    The Defendant(s), **NYCPD** refused to restore or renewal the plaintiff's carry conceal pistol license, shot gun / rifle permit possess since 1978 and the denial of Special Officer status appointment for employments due to the defendant(s) intentional tort. The Plaintiff never misused nor illegally possesses any firearms.

**26)**    **The Defendant(s) New York City Police Department (NYCPD)** did engage in the practice and campaign of unlawfully stopped the plaintiff and his sons on numerous occasions **by the manufacture and erroneous interpretation error of law** in violation of the plaintiff's, sons and others person(s) Fourth Amendment right to be free from unlawful searches and seizures and their Fourteenth Amendment right to freedom from discrimination on the basis of race, and several NYC Communities residents see; *Daniels v. City of New York, et al, Case No. 99 Civ. 1696 (SAS), in the United States District Court for the Southern District of New York, to challenge the NYCPD unconstitutional policy, practice of rampant stop and frisk of individual in violation of the Fourth and Fourteenth Amendments without just cause*.

**27)**    As a results of the Defendant(s) action the plaintiff was stopped without cause or justification search, falsely arrested base on an erroneous interpretation of the law, the stop at the outset is illegal, wrongful incarcerated, maliciously prosecuted and wrongfully convicted on (2) out of the (4) police encounters (Pile On Harassment) that cause a domino effect of intentional tort due to the false, manufacture allegations, perjured police officers reports and Court room testimony to justified unlawful act of intrusion in violation of the Fourth and Fourteenth Amendments mislead the court to allege to be trained as Forensic Document Examiner to instigate unlawful search and seizure and to cause a domino effect instigate by the defendant(s). The defendant(s), from paragraph # 2 to paragraph # 15 arrests for quotas, bounty incentive for promotion and employment retention acts by individual and together and / or in concert conspirer under the color of law share false information about the plaintiff among the defendant(s) from paragraph # 2 to paragraph # 15.

**28)**    This Summons and Complaint *asserts the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.*, of the defendant(s) *Simon, Magman, Murphy, Boyd, Sanders, Campbell, ADA Sheldon, ADA Eraskin, John & Jane* agent, representatives, servants and / or employees did violate the Plaintiff's constitution and civil rights manufacture allegations, perjured police officers reports and Court room testimony Simon did stolen plaintiff's personal properties under the color of law) to justified unlawful act of intrusion for arrest for bounty as incentive acts by individually and together and / or in concert conspirer under the color of law.

The former Mayor, Michael Bloomberg and the former NYCPD Commissioner Kelly on numerous occasions' (via media) approved the New York City Police Department policy and supported such unlawful practices to get guns off the streets. The defendant(s) continue to misuse such police tactics. There are no evidences to support that such tactic works. The plaintiff legally license to possess firearms was unlawfully searched and criminal charged for such. The defendant(s), NYCPD and the ADA's omission to the court that the plaintiff did legally possess licenses firearm failed to take corrective measures in the interest of justices or fairness did maliciously prosecute and wrongfully convicted due to perjured police reports and court testimony the plaintiff.

29)   Former Mayor Bloomberg, Police Commissioner Kelly, DA Charles Hynes, NYCPD Supervisors John and Jane Doe, agent, representatives, servants and / or employees failed to adopt written policy prohibiting police stop and frisk which impermissibly  used or reduce racial disparities particular Blacks, Latinos or national origin in certain communities with forcible police encounters have implemented and are continuing to enforce, encourage and sanction bad policy, practice and / or unconstitutional stop  and search  of NYC residents including the plaintiff by NYCPD which is being  done  without mere suspicion of any criminality afoot required under the fourth amendment. The Defendants, Bloomberg, Kelly and Hynes admitted on numerous media interview of such policy and practice and did defend such practice to find guns and drugs.

30)   Due to a series of injustice and hostile work environment during his tenure with SGA / SGPD about July 1997 the plaintiff filed civil suit of racial discriminatory practices to be amended included wrongful termination and failure to provide due process under the labor law and the breach of labor contract agreements against Sea Gate Association managing agent for the      Sea Gate Police Department, _see; John Frederick v Sea Gate Association, New York State Supreme Court King County Index # 23462/97_ and _National Labor Relation Broad Case # 29-CA-22576._

31)   About July 1998 the Plaintiff was assigned to investigate as per representative of the New York State Attorney General Office to assist in a (3) agencies criminal investigation of alleged Corruption allegation involving NYCPD, New York State Police and Sea Gate Police Chief and his associates for series of improprieties with the Nassau County Society for the Prevention of Crudity to Children organization, for forged peace officer certifications issued by NYCPD instructors and other alleged allegation. The Investigative agencies is New York City Police, (NYCPD) Internal Affairs Group # 51, New York State Police (NYSP) Internal Affairs and the Federal Bureau of Investigation (FBI), _see; case # 98-13094,_

**32)**    About March 1999 the plaintiff (The Special Status of Shop Steward / Union delegate) while employed due to series of improprieties, hostile work environment and other employments matters related to union and labor law violations emerge. The plaintiff filed unlawful labor practices with the following; _see; John Frederick v Sea Gate Association, National Labor Relation Broad Case # 29-CA-22576. The Labor Broad did rule in favor of the plaintiff and its union members, agent, representatives, servants and / or employees,_ Sea Gate Association was order to pay such (2) years of back pay to its current and past _union members, agent, representatives, servants and / or employees thus Sea Gate Association / Sea Gate N.Y. Police Department did retaliate due to the Plaintiff's Whistle Blowing Complaint;_ The Defendant(s) did violated labor union contract and NYS Labor and Federal Laws; force overtime without pay, tour changes, layoffs during labor / Management contract negotiation and due process. The defendant, SGA indifference refused to pay the plaintiff his Union Shop Steward / delegate salary.

**33)**    About February 13, 2002 the Plaintiff's and his former employer, the Defendant(s) Sea Gate Association managing agent for the Sea Gate Police Department entered into (2) settlement agreement, see; **_John Frederick vs. Sea Gate Association_** _New York State Supreme Court King County Index# 23462/97_ and _National Labor Relation Broad Case # 29-CA-22576._

**34)**    The Defendant(s), paragraph # 2 to Paragraph # 15 are, and or were at all times relevant herein It is authorized under laws of the State of New York entity, agent, representatives, servants and / or employees, John and Jane Doe is herein sued in his, her or their official capacity did cause harm to the plaintiff reputation and his livelihood.

## NYCPD ENCOUNTERS;

**35)**    About August 2007 the defendant, NYCPD P.O. Edwin Simon, Tax # 937543, Sgt Yee and another unidentified police officer stop and search the plaintiff's son in NYC Houses development parking lot. The plaintiff's son was parking the plaintiff's car after using it for the evening. A neighbor knocks on the plaintiff's apartment door and informed the plaintiff that the police did arrest his son for without legal justification. The plaintiff proceeded outside to see what was going on. As the plaintiff approach the scene the plaintiff's son was handcuff in the back seat of a unmark black Chevy Impale, the license plate bend up difficult for anyone to view the license plate for identification. Simon and the unidentified uniform police officer were searching the plaintiff's car pulling out the back seat. The plaintiff yelled and stated "what are you doing". Sgt Yee approach the plaintiff and ask the plaintiff are you a police officer after observing the adornment around the plaintiff's neck (3 – gold chains & 3 mini gold police badges pendants) the plaintiff informed Sgt Yee that he is retired and shown him his retired ID card as requested. The plaintiff demanded why his son is arrested Sgt Yee stated that the plaintiff's son mouth got him into trouble. Sgt Yee further stated that the plaintiff son was driving the plaintiff's car he looks like he didn't belong in that type of car. The plaintiffs reply and stated "since when that's become an arrest able offense, did I miss something or better yet show me that offense in the penal law". After argues debate subsequently they release the plaintiff's son at the scene. The plaintiff's son states he was parking the car when (3) uniform police officers approach him demanded to search his car without legal just cause when he refused they extracted him out of the car and arrested him.

**36)**    The plaintiff instructed his sons to log such stop and search due to the rampant civil rights violation of unlawful conduct of the police in the community. Frustrated the plaintiff's and his son want to 77 pct to file a complaint after another stop and search incident. The plaintiff confer with Ms Goss, PAA she refer the plaintiff to the desk Sergeant Dixon. The plaintiff informed Sgt Dixon of several incidents were police officers stealing items and damaging the plaintiff's car by pulling out the rear car seats to search for contraband during an unjust or unconstitutional car stop, no summons ever issue. Dixon ensures the plaintiff that he will look into the matter and informed the plaintiff sons not to argue with the police any further problem notified your father let him handle it any further incidents, *see; plaintiff's son written statement of several police encounters.*

## STATEMENT OF FACTS

## INCIDENT # 1

**37)**    On November 9, 2007 at approximately 7 p.m. in the confine of the 77th pct. the plaintiff traveling north bound on Troy Ave Brooklyn NY (operating Chrysler bearing New York license plate (Fraternal Order of Police organization plates). A mark NYCPD police vehicle facing east bound parked on the corner of Park Place and Troy Ave. As the plaintiff passes the intersection the police vehicle immediately pull out and pull over the plaintiff's vehicle. Police officers later identified as ***P.O. Edwin Simon, Tax # 937543,*** (lack of credibility and integrity), the driver and ***Sgt Wayan Mangan***, the recorder. Simon approach the plaintiff driver side door and states "How are you doing Boss" the plaintiff ask Simon, "why was he stop", than the plaintiff remember prior encounter. The plaintiff again asks Simon "why was I being stopped" Simon responses, "What kind of license plate is that?" The plaintiff reply "Organization plates, Fraternal Order of Police" Simon pointed to the adornment around the plaintiff's neck (3 – gold chains & 3 – mini gold police badges pendants).

Simon than ask "Are You a Police Officer" the plaintiff reply "that he retired from Sea Gate Police Department" Simon request to see the plaintiff's ID card again the plaintiff demanded why he was stopped Simon and his partner Sgt Mangan extracted the plaintiff from his car and search him by placing their hands inside the plaintiff's pockets, search the plaintiff vehicle and inside the trunk. Simon stated he had never heard of Sea Gate (Simon Don't knows the protocol of the agency and try to compare with his NYCPD ID card) and states "you are not N.Y.P.D". The plaintiffs continue to protest and demand why he was being stopped and search Simon later stated that the license plate is covered (licenses plate frame). The plaintiff walked to the rear of his vehicle to see the license plate and what he was talking about. The plaintiff asks Simon "what are you talking about" this car stop didn't rise to the level of reasonable suspicion at such time Simon place handcuff on the plaintiff in front of his neighbors. Several police officers (from incident 2, 3, & 4) continued to search the plaintiff car and recovered his New York City Police Department license firearm in the trunk of his car enclosed in cases. The plaintiff informed Simon that he have a permit. The Defendant Simon stated that the firearm permit and the Sea Gate ID are forgery. The plaintiff was criminally charge for the firearm and the ID for impersonating a police Officer.

There is no debut a NYC widespread  NYCPD operation was going on at the 77th Pct. half of the neighborhood was arrested and cramp in small jail cells or cage (overcrowded) many were complaining of being stopped search and arrested for no reason and place inside small jail cell. Plaintiff unable to use the bathroom for more than 6 hours he had to urinate in a cup inside small cell with more than 20 prisoners. The Defendant Simon did stolen the plaintiff's New York City Commission of Deeds notary stamp, Driver's license, vehicle registration card, insurance card, hand cuff, 2 hand cuff keys, gold plated business card holder, CD disk and radio player cleaning kits, license plate fastener / screws and few CD disks, ink pens. These mention items were never vouched nor returned. The plaintiff's vehicle trunk liner and the back seat pull apart and damages from the police search the defendant, Simon did not safe guard plaintiff's property did conducted unconstitutional search of the plaintiff's vehicle for contraband other than safekeeping, witch hunt.

The Plaintiff was charge with the Following;

| | |
|---|---|
| Panel Law 170.20 | Criminal Possession of a Forged in the 3rd Degree (The SGPD Retired ID card) |
| Panel Law 190.25 (3) | Criminal Impersonation in the 2nd Degree (Police Officer) |
| AC 10-131 (H) (1) | Possession of a Loaded Rifle or Shotgun (NYCPD License Shot Gun in Close Case) |

Docket # 2007KN085547

The plaintiff was incarcerated for more than 72 hours and release from jail on bail. The plaintiff returns to the 77th Pct to retrieve his properties and his vehicle. The vehicle was park inside the police parking lot unable to start his car. Parts (fuses) from the car was laid out on the supervisor's desk and the license plate screws was removed and missing to hold the license plate, the license plates was on the back seat on the floor his car was ransack and damage No driver license, vehicle registration, insurance card and no license plates the plaintiff was being set up. The ID card consists of the plaintiff's name, date of birth, rank; Sergeant, stamp; retired and his social security number.

**INCIDENT # 2**

**38)** On November 14, 2007 at approximately 8:00 pm in the confine of the 77th pct. the plaintiff was closing a client's Jewelry Store / Gold Shop located on Nostrand Ave & Pacific Street Brooklyn NY while the plaintiff was about to enter his legally parked vehicle that was parked f/o of the location a mark police vehicle back up in a high rate of speed on Nostrand Ave and two uniform NYCPD police officers from the prior (11/9/07 paragraph # 37, incident # 1 unlawful arrest) immediately exit their police vehicle the Defendant later identified as *P.O. Arnold Murphy states*, "You are the guy with that ratchet (shot gun) last week" *P.O. Derrick Boyd* approaches the plaintiff with physical force and places his hand inside the plaintiff pockets and removed the plaintiff's wallet and look through it. The plaintiff demanded that the defendants Murphy and Boyd take his hand off of him. Murphy searches the plaintiff's car and inside the trunk Murphy also assisted Boyd in searching the plaintiff and hand cuff him. Boyd retrieved the plaintiff's wallet and handed off to Murphy. Murphy states that he remembers the plaintiff from last week arrest. Boyd called Simon on his cell phone and stated, "*I found Frederick*". After speaking to Simon, Boyd stated to Murphy "get his permit" (shotgun permit). While going through the plaintiff's wallet Murphy found the plaintiff's older Sea Gate Police retired identification card (Simon Don't knows the protocol of the agency and try to compare with his NYCPD ID cards) and removed the plaintiff firearm permit and shotgun registration form. The ID card consists of the plaintiff's name, date of birth, rank; Sergeant, stamp; retired and his social security number. The plaintiff was incarcerated for more than 72 hours and release from jail on bail. The plaintiff returns to the 77th Pct to retrieve his properties and his vehicle. The vehicle was park inside the police parking lot the back seat was pulled out and the vehicle was ransacked and damage.

Note; Boyd or Murphy never cited plaintiff for alleged parked violation.

*The Defendant, Police Officer Arnold Murphy memo book* indicated that Arnold *Murphy, P.O. Edwin Simon, Tax # 937543 and Derrick Boyd worked together* on 11/13/07 the day before paragraph # 38 - Incident # 2 unlawful arrest.

The Plaintiff was charge with the Following;

Penal Law 170.20          Criminal Possession of a Forged in the 3rd Degree
                                    (The SGPD Retired ID card)

Penal Law 190.25 (3)      Criminal Impersonation in the 2nd Degree
                                    (Police Officer)

Docket # 2007KN086948

# INCIDENT # 3

**39)**   On Saturday September 5, 2009 at 9:50 pm the plaintiff was traveling south on Albany Ave in Brooklyn NY. At the intersection of Albany Ave and Eastern Pkwy the confine of the 77 Pct the plaintiff he was waiting at the traffic light to turn green a black Chevy Impala 4 door sedan occupied with 4 males, 3 black and 1 white all clad in dark plain clothing one of the occupants later identified as ***P.O. Lahmar Sanders.*** The unmarked police vehicle pulls along side of the plaintiff. One of the unidentified male occupants states "you that guy that was arrested a year ago with a gun the plaintiff ignore them the traffic light turn green the plaintiff drove off. Subsequently the unmark vehicle follow the plaintiff for several blocks and pull the plaintiff over (lights and siren) on Albany Ave between Carroll Street and Montgomery Street the confine of the 71 Pct.

All 4 male occupant approaches the plaintiff. The Plaintiff in fear for his safety was extracted from his car with physical force. The plaintiff demanded why he was stopped. The plaintiff feels he was being setup again, harassment. These individual refused to identified them self they place their badges inside their shirt. Two of the unidentified males ordered the plaintiff by physical forces out of his vehicle to the rear of the plaintiff car and states to the plaintiff "You know what this about" and force to face forward toward their unmark vehicle the front license plate # *DGZ-8937 (NY).* The white male possessed a sergeant shield and another person search the plaintiff's car. The plaintiff was search by several police officers by placing their hands inside the plaintiff's pants pockets and removed his wallet from such pocket the guy yelled out and stated "Yea it's him" the plaintiff car was search by P.O. Sanders and the white male police sergeant a crowd gather and yelled "why are bothering him", the unidentified males police officer told the crowd to "mind they business" all 4 police officerd got back into their vehicle and drove away with their rear license plate bent up. Now the plaintiff is really concern some type of contraband was place inside of his car for the next car stop at a later time, **No Arrest, Summons or Stop Question and Frisk form (UF-250) report prepared.**

**40)**   On December 6 and 7, 2009 the plaintiff want on trial for November 9, 2007, incident # 1 and November 14 2007, incident # 2 both cases consolidated;

Docket No 2007KN085547 & 2007KN086948

**41)**   On 12/07/2009 the plaintiff was found <u>Guilty</u>, Sentenced to 10 days of Community services, Imprisonment = Time Serve, 1 – year Conditional Discharge to expired 3/12/10, Surcharge imposed $140.00, CVA fee impose $20.00 = $160.00

***<u>NOTE;</u>*** On 3/12/10 Criminal Court Trial Judge, William McGuire ordered the plaintiff to do additional 10 day of Community Services, no reason give.

**42)**   45 court appearance, last compliance date 3/12/10

**43)**   On numerous Court appearances the People fail to provide the plaintiff a speedy trial. The People are considered to be ready for trial when they communicate their actual readiness in open court. See People v. Kendzia, 64 NY2d 331 (1985). Pursuant to CPL §30.30(5) (a), trial clock began to run on that date People were obligated to declare their readiness for trial. See People v. Blancero, 187 Misc 2d 832, 835 (Sup Ct, Kings County 2001), affd. 289 AD2d 501 (2d Dept 2001).

**44)**   That is, the People "cannot take advantage of court congestion so as to ignore their own responsibility. On such date the people fail to proceed on 4/1/08 and 4/13/08 placing the people in violation of CPL 30.30 for a speedy trial exceeded the 90 days requirement with 45 court appearances from 11/10/07 to 3/12/10 is chargeable to the people, failure to provide due process to the plaintiff.

## INCIDENT # 4

**45)**    May 6. 2010 at approximately 7:30 pm the plaintiff was closing a store for a client as he was exiting Jewelry / Gold Shop located on Nostrand Ave Brooklyn, New York the same location indicated in incident # 2 in the confine of the 77 Pct. a black Ford Five Hundred 4 door sedan New York license plate # *__EMF-6878__* occupied with 3 males black later identified as P.O. **Derrick Boyd**, P.O. **Lahmar Sanders** and Sgt. **Eric Campbell** pulled up and double parked in front of the plaintiff  legally parked and unoccupied vehicle.

*The defendant(s) (all in plain clothes) P.O.* **Derrick Boyd** *shield # 10014 from incident # 1,2 & 4* in the rear passenger seat, police officer **Lahmar Sanders** driver from incident # 2 & 3, M/B, 6ft, 250 lbs, black baseball cap, late 20's, in the front passenger seat possess a NYCPD sergeant badge **Eric Campbell**, 5'10, 230 lbs and the Sanders made a comment, the same statement that **Derrick Boyd** and **Arnold Murphy** November 14, 2007, incident # 2 for their unlawful stop & frisk; "you are parked on the crosswalk" The plaintiff pull out his video camera from his pocket for such encounter and start recording the incident then the plaintiff reply "give the car a ticket". As soon as they seen the camera all 3 males / plain clothes police officer defendant(s) immediately exited their vehicle and with physical force tickle and assaulted the plaintiff and knocked the camera out of his hand.

The plaintiff immediately picks up the camera and continues to record the incident. Boyd and Sanders with physical force grabbed and restrain the plaintiff arms and ordered him to drop the camera when the plaintiff refused ***Boyd Stated "Drop the camera or I will shot you dead"*** Boyd slap the camera out of the plaintiff hand.

While the plaintiff being restrains by Boyd and Sanders demand the plaintiff's license, vehicle registration, and his insurance card, the plaintiff refused. Defendant Boyd didn't have legal justification to demand the plaintiff's identification. The plaintiff ask his clients who witness the encounter, (*__see; plaintiff's client affidavit__*) to take possession of his properties (car, car keys, wallet, and camera) ***Boyd, Sanders & Campbell stated to the plaintiff's client "to mind his business if he want to still work here, we are going to take the camera and the car"***. Campbell stated to the crowd that gather "Mind your own business". Several uniform police officers who were standing on the street corner of Nostrand Ave and Pacific Street manning an elevated police tower #22154 ran across the street to investigate the incident. Campbell identified himself as police officer question them about the tower video.

46)    The Campbell walked across the street to the tower while Boyd and Sanders place handcuff on the plaintiff. Boyd removed the plaintiff's wallet and his car key from the plaintiff's pockets and place him in the back of their unmark police car and transported plaintiff to the 77 Pct. Boyd drove the plaintiff's car to the precinct. At the precinct Boyd removed some of the items from the plaintiff's wallet and photo copy them. Boyd handed the plaintiff's car key over to P.O. Sanders and another plain clothes police officers that were present on Saturday September 5, 2009, incident # 3. Boyd informs other John Does that the plaintiff's vehicle was parked inside the 77 Pct parking lots. The plaintiff was subsequently place into a jail cell for more than two hours. The Plaintiff's client arrived at the NYCPD 77th Pct and inquired. The plaintiff was release Boyd issued the plaintiff (3) Criminal Court summons all for *Disorderly Conduct trial schedule for; December 15, 2010 Brooklyn Criminal Court Part - SAP3 case 2010SK069839, 2010SK069841 & 2010SK069847.*

May 6, 2010, incident # 4 (3) Disorderly Conduct summons issued;
Pleaded *Not Guilty* compel to attend 5 court appearance last date 3/4/11

    (1)  PL 240.20 06 0V Docket # 2010SK069841 3/4/11
        On 9/3/11 = Dismissed and Sealed

    (2)  PL 240.20 05 0V Docket # 2010SK069839
        On 7/7/10 = Dismiss legally Insufficient

    (3)  PL 240.20 07 0V Docket # 2010SK069847
        On 7/7/10 = Dismiss legally Insufficient

47)    The plaintiff's car was ransack the voice activated recorder over the driver side viewfinder the cassette was missing, the video camera on the floor of the plaintiff's vehicle, the footage of the incident and other car stop footage of the police was deleted. The plaintiff reviewed the content of his wallet and his stolen shotgun permit form that Boyd and Murphy had stolen on November 14, 2007 unlawful arrest suddenly appeared. The wire harness for the rear tail light and the trunk release button was cut. Witness statement and photos obtain, camera and recorder secure for safe keeping (the plaintiff safeguard; *Bag for DNA or finger prints to corroborate NYCPD handling of the property).*

**48)**    To be valid, an inventory search must be both reasonable and conducted pursuant to established police agency procedures that are designed to meet the legitimate objectives of the search while limiting the discretion of the officer in the field"(People v Briggs, 21 AD3d 1218, 1219 [2005], v denied 5 NY3d 851[2005] [citations omitted]; see People v Johnson, 1 NY3d at 256; People v Galak, 80 NY2d 715, 719 [1993]). The legitimate objectives of an inventory search of a vehicle are "protecting an owner's property while it is in the custody of the police; insuring police against claims of lost, stolen, or vandalized property; and guarding police and others from dangerous instrumentalities that would otherwise go undetected" (People v Galak, 80 NY2d at 718; see People v Johnson, 1 NY3d at 256). Moreover, it is the People's burden to demonstrate that that it's within Department guidelines and within the law.

**49)**    An inventory search cannot include a general rummaging or investigating in order to discover some incriminating evidence. To ensure that the search is proper, it must be conducted pursuant to an established procedure clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably. [(People v. Galak, 80 NY2d 715 (1993)]. This Court disagreed with the People's argument that the officer had a legal right to search the trunk of Defendant's vehicle based on an inventory search. At the time of the hearing, this was the People's sole argument to support the legality of the search of the trunk of Defendant's vehicle. The Court of Appeal still holds that the search conducted was not a valid inventory search and could not be upheld based as a valid inventory search.

**50)**    On or about May 7, 2010 the plaintiff notified NYC Police Department Internal Affairs case complaint # 1023048, and about November 2009 U.S. Attorney General Office at Cadman Plaza Brooklyn, N.Y. the cases were never investigated any of the Plaintiff's NYCPD harassment complaints.

**51)**    About September 25 2009, (The Court, Judge Desmond Green during the Huntley Hearing after seeing the evidences and testimony in regard to the car stop of probable cause due to the obstructed license plate, he stated "*It clearly is not obstructing the information necessary*", thus lacks probable cause for the car stop and such did violated the defendant's constitutional rights *see; Dated Huntley Hearing Transcripts, Pg-42 L-14).*

**52)**    March 4, 2008, the plaintiff did filed notices of claim with the New York City Comptroller Office, Tort claim # *2008P1004702*, for the false arrest and the stolen properties, (Robbery)

**53)**    The Court appointed the plaintiff ineffective Counsel.

**54)**   The Plaintiff / Appellant filed Appeal for November 9 2007, Incident # 1 & November 14, 2007, incident # 2 on *March 15, 2013*

<u>CAL No. 201085KCR</u>
For Docket No <u>2007KN085547 & 2007KN086948</u>

**55)**   This Summons and Complaint falls within the statute of limitation due to the ongoing Appellant Appeal of the plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION FOR DEPRIVATE OF CIVIL RIGHTS

**56)**   Plaintiff repeats and reiterates in his   Summons and Complaint each and every allegation in paragraphs  number 1 to 55 the same force and effect as it more fully set forth at length herein and states that the defendant(s) law enforcement officials were at all times relevant duty appointed of the NYC through its NYCPD and SGA through its SGPD.

**57)**   At all times mentioned, said law enforcement official was acting under color of law; to wit statute, ordinances, regulations, polices and customs and usage of the State of New York and the City of New York.

**58)**   Plaintiff at all time relevant herein a citizen of the United States and a residence of Kings County Brooklyn and brings this action pursuant to 42 USC section 1983 and 42 USC section 1988.

**59)**   The Defendant City of New York (NYC) is municipality duly incorporated under laws of the State of New York and the City of New York Charter. The establish municipality failure to provide adequate training discipline or supervision which will rises to the level deliberate indifference.

**60)**   The Defendant Sea Gate Association is a non for profit organization under the laws of the State of New York and the City of New York Charter  The establish municipality failure to provide adequate training discipline or supervision which will rises to the level deliberate indifference.

**61)**   On the date and time reference hereinabove and in the plaintiff's Amended Summons and Verified Complaint the defendant(s) are law enforcement officials did as armed police officer without legal or just cause the plaintiff was in a public street in front of friends' neighbors' employment. The deft seize some personal properties use it as evidence and P.O. Simon did stolen a few of the plaintiff's properties.

**62)**     The defendant(s) did search, seize, assaulted, Harass in unlawful excessive manner with the threat of P.O. Derrick Boyd stated to the plaintiff "I'll shoot you dead if you don't drop that camera" refer to May 6, 2010, incident # 4.

**63)**     As a consequence, Defendant(s) without probable cause falsely arrested the plaintiff 3 out of the 4 incidents subject to unlawful imprisonment, maliciously prosecuted on manufacture evidence and police statements and ineffective defense counsel.

**64)**     The actions of the defendant(s) without any legal justification of police intrusions clearly acted under the color of state law intentionally did result in the plaintiff being deprived of the following;

>           (1) The First Amendment of the U.S. Constitution

>           (2) The Fourth Amendment of the U.S. Constitution,

>           (3) The Fifth Amendment of the U.S. Constitution,

>           (4) The Fourteenth Amendment of the U.S. Constitution,

>           (5) 42 U.S.C. § 2000 (d) (title VI) of the Civil Right Act of 1964,

>           (6) 2nd Amendment U.S.C. and 400 of New York State Law Penal Law,

**65)**     Rights under the U.S. Constitution;

| | |
|---|---|
| A) The right to a fair trial; | H) Right to due Process; |
| B) Freedom from assault; | I) Right to Effective Counsel; |
| C) Freedom from discrimination; | J) The right to economics gain; |
| D) Freedom from illegal search and seizure; | K) Freedom from unlawful imprisonment; |
| E) Freedom from or unlawful arrest; | L) Freedom from malicious prosecution; |
| F) Freedom from use of excessive force; | M) Freedom from police harassment; |

G) Freedom from retaliation due to the plaintiff criminal & Civil Suit; (whistles bowing claims);

**66)**     The defendant(s) without any legal justification under the color of law the plaintiff was incarcerated multiple times from November 2007 until July 2015 (8 years and 7 mouths) pursuant to manufacture criminal charges the plaintiff was compelled to appear in court more than sixty times.

**67)**   Municipal Liability Under § 1983;

A plaintiff may only recover damages from the municipality itself under § 1983 if there was an actual constitutional violation committed by an individual municipal official provided that a municipal official is held to have violated the plaintiff's constitutional rights, the municipality employing such official may be subject to liability for the official's actions. *See Vathekan*, 154 F.3d at 180 (municipal liability under § 1983 "is derivative of, but narrower than, the liability of individual officers"). The recent October 29 2014 Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, review of the plaintiff's November 9, 2007 and November 14, 2007 unlawful arrest stipulate liability in this matter. The County of Kings District Attorney Office fails to scrutinize police arrest for probable cause and did assisted police to suborn perjury.

**68)**   Damages Under § 1983;

Compensatory damages may be recovered in § 1983 actions for proven violations of constitutional right, but only for any actual harms caused by the violation and not for the violation standing alone." *Norwood*, 143 F.3d at 855.9 Compensable actual harm in a § 1983 case "may include economic loss, physical injury, or emotional distress. In the plaintiff's action these incidents shouldn't happen to people the right to deprived civil right and civil liberties.

**69)**   Punitive Damages;

A wrongful search, seizure, arrest, or confinement can result in an award of punitive damages even where no physical harm results." 1 Sheldon H. Nahmod, *Civil Rights and Civil Liberties Litigation: The Law of Section 1983* § 4:50 (4th ed. 2001). For instance, in *Sevigny*, 846 F.2d at 955, 959, the Fourth Circuit upheld a jury verdict which included a $21,000 punitive damages award against a police officer who arrested the plaintiff without probable cause. Evidence was presented that the officer accused the plaintiff of lying without investigation, although punitive damages are available against the individual offender, a supervisor may only be subject to punitive damages if he or she "ordered or personally participated in the acts, or knew or should have known that the acts were taking place and acquiesced in them." *Fisher v. Volz*, 496 F.2d 333, 349 (3d Cir. 1974).

**70)**    Section 1983 Principles—Generally Section 1983;
Does not provide any substantive rights but, rather, merely provides a method to vindicate federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Although generally brought in federal court, there is nothing preventing a plaintiff from bringing a § 1983 suit in state court, in the cases NYC, NYCPD, SGA and SGPD, *See Hewlett v. Rose*, 496 U.S. 356 (1990) (state courts cannot refuse to take jurisdiction over § 1983 and other federal claims); *see, e.g.*, *Washington v. Whitaker*, 317 S.C. 108, 451 S.E.2d 894 (1994). In order to present a claim under § 1983, a plaintiff must establish that (1) the defendant(s) acted under color of state law, (2) the defendant(s) without any legal justification intentionally deprived plaintiff of a right protected under the Constitution or laws of the United States, and (3) the defendant's actions were the proximate cause of the deprivation. *Parks v. Wilson*, 872 F. Supp. 1467, 1469 (D.S.C. 1995). The proximate cause inquiry does not require any special explanation as it is the same as that in all other civil cases. Furthermore, the defendants herein clearly acted under color of state law in that the defendants are Law Enforcement officers, police chief, municipality (NYC) and corporation (SGA). Thus, the primary question in this case is whether the nexus through their conspiracy by being there to exchange information in furthering their misconduct and the creation of the domino effect of NYC, SGA, P.O. Simon, Sgt Magman, P.O. Murphy, P.O. Boyd, Det. Sanders, Lt. Campbell, Chief Abraham, Chief Fortunato, Lt. Moyse or JOHN & JANE DOE without legal justification the defendant(s) violated the plaintiff's, ***John Frederick*** civil right that ruin his reputation deprived him from his economics livelihood, his emotional distress and his constitutional rights through their actions.

**71)**    Defendants subjected plaintiff to such deprivations of liberty, either in a malicious or reckless disregard of plaintiff's rights and/or with deliberate indifference to those rights conferred by the Fourth and fourteen Amendments to U.S. Constitution – as well as the New York State Constitution, Article 1 §§11 & 12

**72)**    The direct and proximate result of defendant(s) action resulted in plaintiff suffering severe and permanent injuries of a psychological nature. Plaintiff was further force to endure emotional distress, humiliation and anxiety – all to his detriment.

**73)**    In accordance with 42 USC section 1988, Plaintiff has been damage in the minimum sum of $8 million dollars and a reasonable award of attorney fees should issue thereon when one is retain.

## AS AND FOR A SECOND CAUSE OF ACTION

**74)**   Plaintiff repeats and reiterates in his Summons and Complaint each and every allegation in paragraphs number 1 to 73 with the same force and effect as it more fully set forth at length herein and states that during the course of ensuing confrontation and action plaintiff was arrested 3 times and unlawful detain without any legal justification or probable cause on a campaign of harassment.

**75)**   That as a consequence of the arrests plaintiff was incarcerated for approximately 6 days, out of 3 incidents.

**76)**   That it was the intention of defendant(s) to confine plaintiff; that the plaintiff were conscious of the confinement and that the plaintiff did not consent to the confinement as the confinement was not privileged.

**77)**   The plaintiff suffered from unlawful physical force, embarrassment, ridicule, emotional distress and damage to his reputation – arising out of said illegal confinement and false imprisonment and arrest.

**78)**   Acting under color of law and with motive and intent to exert duress, intimidate and cause of fear, said defendant(s) deprived plaintiffs of his rights by virtue of such arrest and injuries resulting ere the direct and proximate results of defendant(s) actions.

**79)**   That the 2 days each incidents of overnight incarceration was egregious, unnecessary and retaliatory and deliberately staged to willfully strike harm and effect in the plaintiff.

**80)**   Such actions were reckless and demonstrated a callous indifference to the legally protected rights of others.

**81)**   The defendant(s) deprived the plaintiff of a just livelihood due to the manufacture allegation;

**82)**   Accordingly, compensatory and punitive damage should issue in the minimal sum of $8 million dollars.

## AS AND FOR A THIRD CAUSE OF ACTION
## (ASSUALT)

**83)** Plaintiff repeats and reiterates in his Summons and Complaint each and every allegation in paragraphs number 1 to 82 and within the same force and effect as it more fully set forth at length herein and states that defendants during the course of making series of unlawful arrest with physical force engaged in bodily contact with plaintiff.

**84)** That defendants did strike fear into the plaintiff by their actions and that such results constitute an assault and battery on plaintiff

**85)** At no time did the plaintiff consent to unlawful action by the defendants.

**86)** Such action demonstrates a callous interference to the legal protection rights of others.

**87)** According, compensatory and punitive damage should issue in the minimum sum of $8 million dollars.

## AS AND FOR A FOUTH CAUSE OF ACTION
## Malicious Prosecution)

**88)** Plaintiff repeats and reiterates in his  Summons and Complaint each and every allegation in paragraphs number 1 to 87 and within Opposition to the Defendant(s) Motion to Dismiss each and every allegation with the same force and effect as it more fully set forth at length herein and states that defendants Sea Gate Association nexus played an active role in commencing a staging the underlying prosecution against the plaintiffs, in part, by issuing certain criminal charges despite them having no merit.

**89)** The plaintiff was prosecuted for legally possessing New York City license firearms and retired police identification, subsequently criminal proceedings in Kings County criminal Court the plaintiff ultimately moved for dismissal of all charges but the defendant objected in arguing that the matter proceeds to trial with the erroneous interpretation of the law

**90)** That the prosecutions were commenced with malice and without probable course or legal justification to believe that it could truly succeed;

**Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts,**

**October 29, 2014,**

OPINION OF THE COURT MEMORANDUM

The November 9, 2007 incident charging those offenses are dismissed; and it is further, ordered that the judgment convicting defendant of criminal possession of a forged instrument in the third degree, based on the November 14, 2007 incident, is reversed, on the law, and the matter is remitted to the Criminal Court for further proceedings on that charge.

The People concede that the statements and physical evidence obtained during the first incident should have been suppressed based on a violation of the Fourth Amendment, and recommend that the conviction arising there from be reversed and the counts of the accusatory instrument based on the November 9, 2007 incident charging criminal possession of a forged instrument in the third degree and criminal impersonation in the second degree be dismissed.

.

We agree that the stop of defendant's vehicle on November 9, 2007 was without legal justification."The officer's belief is based on an erroneous interpretation of law, the stop is illegal at the outset {**46 Misc 3d at 38} and any further actions by the police as a direct result of the stop are illegal" (*Matter of Byer v Jackson*, 241 AD2d 943, 944-945 [1997]).

On February 18, 2015 Presiding Criminal Court Judge Alexander Jeong and senior prosecutor from the Newly elected District Attorney Office, Denise Siler and Peter Towsky decision due to the **Supreme Court, Appellate Term** decision to dismiss and seal on the merits plaintiff's November 14, 2007 unlawful arrest.

**91)**    The plaintiff was compelled to surrender and appeared before the criminal court approximately 60 separate occasions over the course of six years and three months that delayed due process for civil action.

**92)** That the prosecutors did succeed in a jury verdict, the plaintiff is found guilty sentence to 20 days of community service and fine $150 dollars. During trial the plaintiff was subjected to suborn perjury manufactured or misrepresent police evidence and ineffective counsel that resulted in unconstitutional conviction and malicious prosecution.

**93)** The plaintiff was forced to stand for several hours in an overcrowded jail cell at the NYCPD 77 precinct. The defendant, NYCPD, P.O. Edwin Simon, Tax # 937543 with depraved indifference, crude and unusual punishment refused to allow the plaintiff to use the restroom in a timely manner. The plaintiff was forced to use a coffee cup to urinate. With depraved indifference Simon failed to give invoice to illegally seized plaintiff's properties, items that were stolen and never returned as follows; the <u>plaintiff's driver's license, vehicle registration card, insurance card, gold business card case, CD and CD player cleaner, box</u> of ink pens, New York City Commissioner of deeds notary stamp, asp baton, damaged to the rear car seat and trunk lining (unlawful search), the rear license plate bolts and New York City shotgun registration certificate.

**94)** As a consequence the primarily purpose other than bringing plaintiff to justice is that such frivolous prosecution, injury was the proximate result to the plaintiff and his reputation suffered that he is unable to find gainful employment due to the arrest allegation. Under New York State CPL 160.50 the plaintiff arrest record dismiss and seal currently NYCPD still have it on their databank as a consequence the plaintiff's suffered stress and depression, unable to sleep and hair and economic lost.

**95)** The defendant(s), jointly and severally, failed to take reasonable steps to stop the prosecution of the plaintiff and instead was with maliciously and deliberately provided false and incomplete information to the courts to introduce for the prosecution of the plaintiff despite absence of probable course.

**96)** That the issue misdemeanor and subsequently prosecution was vexatious in accordance with New York State Civil Rights Law.

**97)** That as a result of the prosecution, plaintiff was deprived of his liberties and suffered the humiliation anguish indignity and frustration of an unjust criminal prosecution no laws was ever violated.

**98)** The damage should accordingly issue in the minimum sum of $8 million dollars and punitive damage should be awarded in addition.

## AS AND FOR A FIFTH CAUSE OF ACTION

## 2ND AMENDMENT and NYS section 400 Paragraph # 1 Penal Law

99)   Plaintiff repeats and reiterates in his Summons and Complaint each and every allegation in paragraphs number 1 to 98 with the same force and effect as it more fully set forth at length herein and states that defendants deprived the plaintiff due process for reinstatement for his firearm permits.

100)   The unlawful criminal prosecution of the plaintiff's expunge of criminal history criminal history status in his favors the defendants refuses to reinstate plaintiff's authorization for his firearm permits he possess since 1978.

101)   The plaintiff has no criminal arrest conviction that would disqualify him to possess a firearm or to reinstate his firearm permits.

102)   The damage should accordingly issue in the minimum sum of $8 million dollars and punitive damage should be awarded in addition.

## AS AND FOR A SIXTH CAUSE OF ACTION

### Monel

### (Whistle Blowing Retaliation Claim)

103)   Plaintiff repeats and reiterates in his Amended Summons and Verified Complaint each and every allegation in paragraphs number 1 to 103 with the same force and effect as it more fully set forth at length herein and states that defendant NYC, closely failed to train and adequate supervise its police officer in fundamental law of criminal investigation search and seizure" and arrest especially where as here plaintiff committed no crime and had not resisted arrest notwithstanding.

104)   That any arrests should clearly be based on probable cause they were no probable cause or legal justification to arrest the plaintiff herein. The plaintiff was deprived of effective defense counsel.

**105)**   That defendant(s), NYC was negligent by failing to change their unlawful policies and that was ordered to be removed as per United States Federal Court judge of the southern district of New York.

**106)**   That NYC was negligent in that prior to and that the time of the act complaint of due to the questionable practice undertaken by the municipality NYCPD, defendants herein for government grants should have known of the bad disposition of such officers or had knowledge of facts that were put a reasonable prudent employer on inquiry concern that the bad disposition of the reality that's said police officers were not suitable to act in law enforcement capacity before the public and otherwise by the employer by the City of New York, and that due to their lack of training said police officer should have had adequate supervision so not to arrest innocent individuals other then the supervisors herein.

**107)**      On or about August 2007 in his geographical residency the plaintiff reported to the 77 police precinct that his sons were being unlawfully stopped and detains without legal justification or probable causes. Police unlawful conduct pattern in his community.

**108)**   Accordingly defendants are negligent due to its failure to implement a policy within its police department or to actively enforce the laws if probable cause is lacking.

**109)**   The foregoing acts, omission, and systematically failures are custom and policy of the NYC which court the individual police officer to improperly, arrest, illegal search and seizure plaintiff's person and personalities and maliciously prosecuted under mistake belief that they would suffer no disciplinary action for their failure to act prudently and in accordance with the rules of law or arrest.

**110)**   The defendant municipality NYC / NYCPD acted in concert with defendant Sea Gate Association (SGA) and its Police Department (SGPD) encouraging and permitted such unconstitutional policies and customs to be carried out and have thereby demonstrated a deliberately indifference to those constitutional values and / or contractual agreement.

**111)** The defendant, SGA / SGPD did violate the plaintiff's settlement agreement and employment privacy laws that lack warrant or release authorization from the plaintiff that allowed this prosecution to go forward and the nexus herein. While employed the plaintiff suffered the series of discriminatory practice acting shops and union representative, the defendants SGA / SGPD deliberately indifference violated the union Weingarten Right; in 1975 the US Supreme Court ruled that employees have a right to union representation for an investigatory interviews by management there called to Weingarten Rights. The plaintiff, while employed with the Sea Gate, defendant(s) retaliation deprived the plaintiff due process in any labor dispute. The plaintiff directed by New York State Attorney General Office and the NYCPD Internal Affairs unite group # 51 to conduct an internal criminal investigation of corruption. Sea Gate Chief of police without just cause and a hearing of due process did contact NYCPD pistol license Division and directed the P.O. Syverson to revoke the plaintiff pistol license. The chief filed Notices of Discharge for failure to maintain a Sea Gate pistol license.

**112)** Throughout the years the defendants, Sea Gate acted in a series of retaliatory violations by disseminating false and misleading employment status with the defendant deprived him from economic lost.

**113)** The damage should accordingly issue in the minimum sum of $8 million dollars and punitive damage should be awarded in addition.

**114)** The "hostile or abusive encounters" or "coercive or oppressive conduct." Outrageousness where defendant(s) employer, City of New York and The Sea Gate Association forced its employee to perform exercises in public which exposed the Defendant(s) incontinence problem to others. Therefore, the Plaintiff's civil rights action, pursuant to §1983, is not time-barred. In order to present a claim under § 1983, The plaintiff did establish that (1) the defendant acted under color of state law, (2) the defendant intentionally deprived plaintiff of a right protected under the Constitution or laws of the United States, and (3) the defendant's actions were the proximate cause of the deprivation.

**115)** The proximate cause inquiry does not require any special explanation as it is the same as that in all other civil cases. Furthermore, the defendant(s) herein clearly acted under color of state law in that the defendant(s) are police officer, and a municipality. Thus, the primary question in this case is whether the defendant(s) violated the plaintiff's constitutional rights. The defendant(s) once realized that the plaintiff possess active and legal firearm permit no allegation that the plaintiff used any of his license weapon improperly and authenticated retired SGPD identification card was issued to him wend his tenure ended and the contradiction of the defendant(s) reports and court room testimony none of the defendant(s) failed to take any corrective measure but instead erroneous offered the plaintiff a violation instant of dismissing all of the criminal charges.

**116)** The defendant(s) Sea Gate from paragraph # 10 to paragraph # 15 it is no dispute that the plaintiff tenure consist of 17 years employment with the defendant(s) knowing and deliberate indifference fail to honor its settlement agreements knowingly retaliated that resulted in the plaintiff's falsely arrested, wrongfully incarcerated, maliciously prosecution and the wrongful conviction due to the manufacture allegation, perjured or falsehood court testimony of the defendant(s).

**117)** An allegation that one was charged and/or prosecuted without probable cause must be analyzed under the Fourth Amendment; a Fourteenth Amendment substantive due process argument can be raised in that context. Thus, the analysis of a Fourth Amendment claim is a two-step process: (1) was there a "search" and/or "seizure, "and if so, (2) was it "unreasonable?" Provided that a municipal official is held to have violated the plaintiff's constitutional rights, the municipality employing such official may be subject to liability for the official's actions. The Supreme Court has "considered whether an alleged injury caused by municipal employees acting under color of state law provided a proper basis for imposing liability on a City and private agency, Sea Gate Association. The Court held that a municipality's failure to adequately train its law enforcement officers is actionable under § 1983. A single decision of a municipal policymaker may suffice as official policy which triggers municipal liability. First, a municipality is only liable for "acts which the municipality has officially sanctioned or ordered." Police & Prosecutors misconduct of suborn perjury precludes defendant(s) from immunity under the color of State law. The plaintiff developed a serious mistrust of all the defendant(s).

**118)** The plaintiff can prove that the defendants fabricated evidence misrepresented the facts criminal court allegation that cause depravation of the plaintiff liberty's that violated his fifth six and 14th amendment rights to a fair trial. the right to due process unlawful, search and seizure, in use of excessive force harassment, retaliation due to a whistleblower claim, right to effective counsel, freedom from discrimination. The loss to economics gain due to unconstitutional conviction.

**119)** Former District Attorney Charles Haynes's ADA representative has a long standing policy to withhold discovery of Brady Material. Assistance District Attorney, Dennis Shelton and Joan Eraskin fail to disclosed that on or about April 2009, Sea Gate N.Y. Police Department's official informed the District Attorney Office that the Plaintiff "did received a retired Sea Gate N.Y. Police Department identification card", with the plaintiff's name, rank, date of birth, social security number and stamp "RETIRED". The allegations along doesn't rise to the level of fraud or impersonation criminal complaint. The District Attorney Office failed to turnover exculpatory evidences during trial ADA Shelton and Eraskin introduce to the court documents from SGPD that is misleading or misrepresented the facts that cause the Brady violation and unfair trial, maliciously prosecution and the wrongful conviction due to the manufacture allegation, perjured or falsehood court testimony from the defendant(s)

## PRAY FOR RELIEF
## REMEDY

**WHEREFORE,** plaintiff prays that this Court Assume jurisdiction over this matter; Certify this action pursuant to Fed. R. Civ. P. 23(b)(2); respectfully ask that an order of this court to grant summary judgment in favor of the plaintiff and to grant the following relief that deem proper and just; The plaintiff's primary objective is to clear his name.

**120)** Issue an Order for the following injunctive relief;

**121)** Return, delete, expunge from all agencies data including NYCPD, DCJS and the FBI of the plaintiffs criminal arrest record, fingerprints, photograph, palm or major prints, DNA, facial recognition and any information of the arrest allegation of the plaintiff's,

**122)** Return all plaintiff's stolen and invoices property confiscated by NYCPD, Simon and Murphy,

**123)** Return or replace Plaintiff's pistol and Shot gun / rifle permits,

**124)** Return or replace Plaintiff's firearms,

**125)** Award the Plaintiff applicant for special officer status under CPL 2.10 (27) due to the prerequisite of employment of necessary of criminal and civil investigation of check fraud cases,

**126)** Award the Plaintiff Unspecified damages against Sea Gate for violating (2) settlement agreement(s)

**127)** Award the Plaintiff Unspecified damages against NYC for violated the plaintiff's constitutional rights.

**128)** Award the Plaintiff Unspecified punitive and compensatory damage against each or all defendant(s) named herein for the amount that is fair, just and reasonable to be determined at trial.

## Statute of limitations

**129)** The defendant did assert the statute of limitation as a defense in this case. There are two elements for equitable tolling of statute of limitation,

    1. The plaintiff has been pursuing his rights diligently

    2. Circumstances stood in the plaintiff way to prevent him to file in a timely manner

**130)** A fair trial claim is not time barred because the three years limitation period did not accrue until the Plaintiff's conviction was overturned and dismiss due to the plaintiff's constitutional rights had been violated.

**131)** **WHEREAS,** The Plaintiff demand judgment against the defendant(s) as follows;

**132)** 1. Per First Cause of Action, damages in the minimum sum of $8 million dollars and punitive damage respective plaintiff and an awarded of reasonable attorney fees when retain.

**133)** 2. Per Second Cause of Action, damages in the minimum sum of $8 million dollars and punitive damage respective plaintiff

**134)** 3. Per Third Cause of Action, damages in the minimum sum of $8 million dollars and punitive damage respective plaintiff.

**135)** 4. Per Fourth Cause of Action, damages in the minimum sum of $8 million dollars and punitive damage respective plaintiff.

**136)** 5. Per Fifth Cause of Action, damages in the minimum sum of $8 million dollars and punitive damage respective plaintiff.

**137)** 6. Per Sixth Cause of Action, damages in the minimum sum of $8 million dollars and punitive damage respective plaintiff.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

**JOHN FREDERICK, Pro-Se**

                                        Plaintiff,

            -Against-

**THE CITY OF NEW YORK, (NYC);**
**NEW YORK CITY POLICE OFFICER, <u>EDWIN SIMON</u> # 26883,**
**NEW YORK CITY POLICE SERGEANT, <u>WAYNE MAGMAN</u>,**
**NEW YORK CITY POLICE OFFICER, <u>ARNOLD MURPHY</u> # 29794,**
**NEW YORK CITY POLICE OFFICER, <u>DERRICK BOYD</u> # 10014,**
**NEW YORK CITY POLICE DETECTIVE, <u>LAHMAR SANDERS</u> # 2884,**
**NEW YORK CITY POLICE LIEUTENANT, <u>ERIC CAMPBELL</u> # 918740,**
**NEW YORK CITY & NYCPD POLICE OFFICER, <u>JOHN & JANE DOE</u>,**
**<u>SEA GATE ASSOCIATION, SEA GATE N.Y. POLICE DEPARTMENT</u>,**
**SEA GATE POLICE CHIEF, <u>ROBERT ABRAHAM</u>,**
**SEA GATE POLICE CHIEF, <u>JEFFREY FORTUNATO</u>**
**SEA GATE POLICE LIEUTENANT, <u>YEUGENY GENE MOYSE</u>**
**<u>SEA GATE ASSOCIATION, SEA GATE N.Y. POLICE DEPARTMENT</u>,**
**Or <u>JOHN & JANE DOE</u>;**

                                        Defendant(s)

------------------------------------------------------------X

**File # 13 CV 897**

<u>**SUMMONS AND COMPLAINT**</u>
*<u>**DEMAND FOR JURY TRIAL**</u>
*<u>**10 Days after Services of Answer**</u>

            **Pro- Se (Plaintiff)**          **JOHN FREDERICK**
            **Mailing Address:**          **P.O. Box 471774**
                                                **BROOKLYN, N.Y. 11247**

The Plaintiff, JOHN FREDERICK, being duly sworn, on this date 31st day of July 2015, deposes and says: that I have read the within action, this Summons and Complaint the contents thereof, and that same in true to my knowledge, except and to the matter herein state to be alleged upon information and belief and that as to those matter I believes it to true.

Sworn before me on
31st Day of July 2015

Respectfully Submitted,

_Galina Feldman_

Notary

GALINA FELDMAN
Notary Public, State of New York
No. 01FE6051186
Qualified in Kings County
Commission Expires November 20, 20_18_

_John Frederick_

Plaintiff)    JOHN FREDERICK, Pro-Se
Mailing Address:    P.O. Box 471774
BROOKLYN, N.Y. 11247